**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **KOMBEA CORPORATION**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**NOGUAR L.C.,** a Utah limited liability company, and **FEATURE FILMS FOR FAMILIES, INC.**, a Utah corporation,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil Case No. 2:13-cv-00957-TS<br><br>Judge Ted Stewart<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KomBea Corporation, in support of its Complaint against Defendants, alleges as follows:

## NATURE OF ACTION

1.      This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

**PARTIES, JURISDICTION AND VENUE**

2.	Plaintiff KomBea Corporation ("KomBea") is a Utah corporation having its principal place of business at 3400 N. Ashton Blvd., Suite 190, Lehi, Utah 84043.

3.	Defendant Noguar, L.C. ("Noguar") is a Utah limited liability company with a principal place of business at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

4.	Defendant Feature Films For Families, Inc. ("FFF") is a Utah corporation with a principal place of business that is also at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

5.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

6.	This Court possesses personal jurisdiction over Defendants because they are organized under the laws of the State of Utah and their joint headquarters resides in this jurisdiction.

7.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

**GENERAL ALLEGATIONS**

8.	FFF has marketed various family friendly films to consumers through direct-contact marketing, including telemarketing.  FFF operates a large call center through which they market their products.

9.	In 1999, Brady Dow was hired by FFF as a programmer.  Mr. Dow created a dialing software program that the telemarketing agents at FFF used.

10.	In 2000, Mr. Dow wrote a software program that would enable a sales agent to carry on a natural conversation with a customer using pre-recorded statements stored in the

computer system. This program was called AUTOSCRIPT within FFF. Mr. Dow also made other significant contributions to the development of the call center software used at FFF.

11. Mr. Dow left FFF in May 2001. In July 2001, Mr. Dow continued to develop his call center software inventions by programming a new software program for enabling call center agents to engage in conversations with consumers using pre-recorded statements. This program was called KOMBIA INTERACT.

12. Plaintiff KomBea is now the owner of Mr. Dow's valuable call center software technology, including patent rights granted to protect Mr. Dow's inventions.

13. After Mr. Dow left FFF, FFF moved forward with filing patent applications to cover and claim the technology of the AUTOSCRIPT program and other technology written by Mr. Dow. However, FFF did not name Mr. Dow as an inventor on any of these applications.

14. Specifically, Mr. Baker IV filed Application No. 09/920,072 on August 1, 2001 based on Provisional Application No. 60/225,623 filed on August 15, 2000. On April 26, 2011, the United States Patent and Trademark Office (PTO) granted U.S. Patent No. 7,933,387 (the '387 patent). A copy of the '387 patent is attached as Exhibit A. Mr. Dow should have been identified as an inventor on the '387 patent as it discloses and claims the subject matter he conceived and reduced to practice.

15. On May 7, 2013, the PTO granted U.S. Patent No. 8,438,494 (the '494 patent), which claims priority to the original August 15, 2000 Provisional Application. A copy of the '494 patent is attached as Exhibit B. Mr. Dow should have been identified as an inventor on the '494 patent as it discloses and claims the subject matter he conceived and reduced to practice.

16. On August 6, 2013, the PTO granted U.S. Patent No. 8,503,619 (the '619 patent), which claims priority to the original August 15, 2000 Provisional Application. A copy of the '619 patent is attached as Exhibit C. Mr. Dow should have been identified as an inventor on the '619 patent as it discloses and claims the subject matter he conceived and reduced to practice.

17. On December 29, 2009, the PTO granted U.S. Patent No. 7,640,510 (the '510 patent), which claims priority to the original August 15, 2000 Provisional Application. A copy of the '510 patent is attached as Exhibit D. Mr. Dow should have been identified as an inventor on the '510 patent as it discloses and claims the subject matter he conceived and reduced to practice.

18. On January 26, 2010, the PTO granted U.S. Patent No. 7,653,195 (the '195 patent). A copy of the '195 patent is attached as Exhibit E. Mr. Dow should have been identified as an inventor on the '195 patent as it discloses and claims the subject matter he conceived and reduced to practice.

19. Noguar is the owner by assignment of the '387 patent, the '494 patent, the '510 patent, the '619 patent, and the '195 patent (collectively "the Noguar patents"). Mr. Dow made significant contributions to the conception and reduction to practice of the inventions claimed in the Noguar patents.

20. Noguar has alleged to both KomBea and its customer that some of the Noguar patents are infringed by KomBea's call center software products. A copy of the letter sent to Kombea's customer is attached F.

6438802_2

21. In meetings between the principles of KomBea and Noguar, Noguar has asserted that KomBea's software infringes one or more of the KomBea patents and has threatened litigation against KomBea.

22. Accordingly, KomBea brings this Complaint seeking declaratory judgment relief with respect to the Noguar patents.

## FIRST CAUSE OF ACTION
(DECLARATORY JUDGMENT – NON-INFRINGEMENT)

23. Plaintiff KomBea hereby incorporates all of the foregoing allegations as if set forth in full herein.

24. There is an actual controversy between KomBea and Noguar concerning whether KomBea's call center software infringes one or more of the Noguar patents.

25. None of KomBea's call center software products infringe any claim of the Noguar patents.

26. KomBea does not induce any entity to infringe any claim of the Noguar patents.

27. KomBea does not contribute to the infringement of any claim of the Noguar patents.

28. KomBea is entitled to a declaratory judgment from this Court that it does not directly or indirectly infringe any claim of the KomBea does not induce any entity to infringe any claim of the Noguar patents.

## SECOND CAUSE OF ACTION
(DECLARATORY JUDGMENT – PATENT INVALIDITY)

29. Plaintiff KomBea hereby incorporates all of the foregoing allegations as if set forth in full herein.

30. There is an actual controversy between KomBea and Noguar as to whether the Noguar patents are valid.

31. The claims of the Noguar patents are invalid for failure to comply with the conditions of patentability specified in at least 35 U.S.C. §§ 101, 102, 103, and 112 because the claimed subject matter is disclosed in the prior art and is obvious.

32. The claims of the Noguar patents are invalid for failure to correctly identify all true inventors of the inventions claimed therein—in particular Mr. Dow.

33. KomBea is, therefore, entitled to a declaratory judgment from this Court that the Noguar patents are invalid and that Mr. Dow is a true inventor of the inventions claimed in the Noguar patents.

## THIRD CAUSE OF ACTION
(PATENT INFRINGEMENT)

34. Plaintiff KomBea hereby incorporates all of the foregoing allegations as if set forth in full herein.

35. Kombea is the owner by assignment of U.S. Patent No. 8,468,027 (the '027 patent), which claims various novel systems and methods for interacting with consumers on a telephone call using conversation control systems. A copy of the '027 patent is attached as Exhibit G.

6438802_2

36. FFF uses a software product in its call center called ECHO. The ECHO software satisfies every limitation recited in one or more claims of the '027 patent.

37. FFF, therefore, infringes the '027 patent pursuant to 35 U.S.C. § 271(a).

38. FFF indirectly infringes the '027 patent under 35 U.S.C. § 271(b)-(c) by actively inducing its customers and licensee's to use the ECHO software in a manner that infringes one or more claims of the '027 patent and by selling the ECHO product, which is specially designed to operate in a manner that infringes one or more claims of the '027 patent and does not have significant non-infringing uses.

39. KomBea is entitled to all damages resulting from FFF's infringement of the '027 patent, including lost profits, reasonable royalties, convoyed sales, and any other consequential damages under 35 U.S.C. § 284.

40. On information and belief, FFF has at all times relevant to this matter been aware of the '027 patent and the fact that FFF's use of the ECHO products was likely to infringe the valid '027 patent. FFF's willful disregard of KomBea's patent rights warrants an award of attorneys fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

41. In view of FFF's infringement and the nature of the parties' relationship as direct competitors, FFF's infringing conduct has and is likely to continue to result in irreparable harm. KomBea is, therefore, entitled to an injunction against FFF, prohibiting FFF from any further use or exploitation of the ECHO software.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, Plaintiff KomBea prays for a judgment in its favor and against Defendants that includes the following:

A. A declaration that the Noguar patents are invalid;

B. A declaration that Mr. Dow is an inventor of the inventions claimed in the Noguar patents;

C. A declaration that KomBea's software products do not infringe any claims in the Noguar patents and that KomBea neither induces or contributes to any infringement of the Noguar patents by others;

D. A judgment that FFF directly and indirectly infringes the '027 patent under 35 U.S.C. § 271;

E. A damages award to KomBea comprising all compensatory damages to which KomBea is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, convoyed sales damages, and prejudgment interest;

F. A permanent injunction against FFF enjoining FFF, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, selling, or offering to sell the Echo software or any other software product that infringes the '027 patent, and from inducing others to use the Echo software or any other software products in a manner that infringes the '027 patent;

G. A permanent injunction against Noguar, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making allegations to KomBea and any of its customers or potential customers that use of KomBea software infringes any claim in the Noguar patents;

H. A judgment that Defendants' actions justify finding this case to be exceptional and awarding KomBea treble damages for FFF's infringement and awarding KomBea its reasonable attorneys' fees and costs under the Patent Act; and

I. For such other and further relief as the Court deems appropriate.

## JURY DEMAND

KomBea hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution, statutes, and laws.

Dated this 17th day of October, 2013.

HOLLAND & HART, LLP

/s/ Mark A. Miller
Mark A. Miller
Christopher B. Hadley

*Attorneys for Plaintiff*

6438802_2