# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KOMBEA CORPORATION, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOGUAR, L.C., a Utah limited liability company,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00957-TS<br><br>United States District Court Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

This matter is before the Court pursuant to a 28 USC §636(b)(1)(A) referral from District Court Judge Ted Stewart. (Dkt. No. 29.) Currently pending is Plaintiff KomBea Corporation's (KomBea) Motion For Protective Order. (Dkt. No. 28.)

I. BACKGROUND

On October 17, 2013, KomBea filed a complaint seeking declaratory relief against Noguar, L.C., (Noguar). (Dkt. No. 2.) KomBea later amended its complaint and Noguar answered prior to an initial pretrial conference. KomBea seeks a declaration that certain patents held by Noguar are invalid, that Noguar did not include one of the key inventors in the patent—the individual who formed KomBea, and that KomBea did not infringe any claims in the Noguar patents. (Dkt. No. 6 at 6). In its answer, Noguar asserts counterclaims for patent infringement and declaratory judgment regarding inventorship and assignment of patent rights. (Dkt. No. 9.)

On July 8, 2014, Magistrate Judge Evelyn Furse signed a scheduling order under which Rule 26(a)(1) initial disclosures were due on August 12, 2014. (Dkt. No. 22 at 2.) The parties extended the deadline for initial disclosure by stipulation as they attempted to mediate their case.

(Dkt. No. 23 at 1.) The parties later agreed to a second stipulated extension as they continued efforts to resolve their case. (Dkt. No. 25 at 2.)

On August 28, 2014 and after the second stipulation to extend discovery deadlines imposed by Judge Furse's scheduling order, KomBea filed a Motion For Summary Judgment (Dkt. No. 27) and the Motion For Protective Order (Dkt. No. 28) presently under consideration.

II. ANALYSIS

In order to protect parties from abuses possible under liberal discovery rules, a "court may, for good cause, issue a[] [protective] order." Fed. R. Civ. P. 26(c)(1). The Tenth Circuit has emphasized that issuance of a protective order depends on proof of good cause. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). The good cause standard requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 n. 16 (1981) (citation omitted). The burden of proving good cause falls on the moving party. *See* Fed. R. Civ. P. 26(c)(1); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981); *digEcor, Inc. v. e.Digital Corp.*, Civ. No. 2:06-cv-437, 2008 WL 4335544, at *2 (D. Utah, Sept. 16, 2008) ("[T]he burden is on the party seeking a protective order to show specific and particular factors why discovery should be limited."). In this case, KomBea opposes disclosure but has failed to meet the burden of proving good cause to grant a protective order. Therefore, the motion for a protective order is hereby denied.

**1. KomBea's Motion For Summary Judgment Is Not Dispositive**

Although KomBea filed a summary judgment motion, this motion will not dispose of the entire case because it does not encompass all pending claims. (*See* Dkt. No. 30 at 3; Dkt. No. 32 at 1.) In general, courts disfavor granting motions for protective orders "when the result is a

delay in discovery which prohibits the litigation from moving forward." *Matrix Group, LLC v. Innerlight Holdings, Inc.*, Civ. No. 2:11-cv-987, 2012 WL 5397118, at *4 (D. Utah, Nov. 5, 2012). Because certain issues cannot be resolved and the case will not be "finally concluded" under KomBea's motion for summary judgment, the fact that such motion is pending does not justify a protective order as to all matters related to the case. *Cf. Dickman v. Department of Transp.*, 2012 WL 940779, *1 (D. Kan. 2012) (citing *Wolf v. United States,* 157 F.R.D. 494, 495 (D. Kan. 1994). A blanket stay on discovery does not automatically apply in cases with potentially dispositive motions. *See Osborn v. Brown*, Civ. No. 2:12-cv-775, 2013 WL 1703748, at *1 (D. Utah, Apr. 19, 2013). Additionally, while Kombea asserts that the burdens and costs of conducting discovery warrant a stay, since summary judgment may ultimately render discovery unnecessary, the burden of conducting discovery during the early stages of litigation is not enough by itself to show good cause for a protective order. *See Parker v. Stryker Corp.*, Civ. No. 8-cv-1093, 2008 WL 4457864, at *2 (D. Colo. Oct. 1, 2008) (recognizing that allowing discovery is a burden that "is a consequence of our judicial system and the rules of civil procedure").

**2. KomBea's Burden of Discovery Is Not So Disproportionate As To Require a Stay on All Discovery**

When deciding whether to issue a protective order, the Court considers the burdens to each party. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982). Noguar argues that it will be prejudiced by any disruption to the discovery process since its interests continue to accrue as KomBea erodes its market share. (Dkt. No. 30 at 10.) KomBea counters that this claim is "unsupported," "unconvincing," and that "damages can be the subject of a restraining order, which has not been sought in this case." (Dkt. No. 32 at 5.) Ultimately, while KomBea disagrees with Noguar's claim of prejudice, KomBea

does nothing to dispel its charge of establishing how it is sufficiently burdened by the discovery process so as to justify a finding of good cause under Fed. R. Civ. P. 26(c)(1). Stated differently, KomBea only shows that it will have the burden of discovery, a normal burden in litigation, while Noguar argues a countervailing burden of delay that will allow for a longer market erosion of Noguar's interests. Balancing these two burdens, the Court finds that the burden on Noguar, if the conditions of the proposed order were effective, is greater than the normal discovery process burden that KomBea carries in the absence of a protective order.

### 3. Discovery in This Case Should Continue

Discovery in this case has already been contemplated pursuant to a scheduling order and stipulations. "If a motion for a protective order is wholly or partially denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). For the reasons now stated herein, discovery in this case should continue in accordance with the prior order and agreements in order to expeditiously resolve this matter for the benefit of all parties involved.

III. ORDER

As stated above, it is hereby ORDERED that:

1. KomBea's Motion For Protective Order is DENIED. (Dkt. No. 28.)
2. Discovery should proceed pursuant to Fed. R. Civ. P. 26(c)(2).

DATED: October 20, 2014

BY THE COURT:

Dustin B. Pead

U.S. Magistrate Judge